IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

DAMIEON B. RASPBERRY,           )
                                )
    Plaintiff,              )
                                )
VS.                             )   No. 12-1209-JDT-egb
                                )
KENNETH THOMPSON,               )
et al.,                         )
                                )
    Defendants.             )

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE

Magistrate Judge Edward G. Bryant has issued a report in this matter [DE# 54], recommending that Defendant's motion for summary judgment [DE# 47] be partially granted and partially denied. Specifically, Magistrate Judge Bryant recommends granting the portion of Defendant's motion that seeks summary judgment on Plaintiff's claim that he was subjected to an unlawful strip search in violation of the Fourth Amendment and denying the portion of the motion that seeks summary judgment on Plaintiff's claims of false arrest and malicious prosecution under both 42 U.S.C. § 1983 and Tennessee state law and the state law claim of intentional infliction of emotional distress.

Defendant has filed objections to the portion of the report that recommends denial of

the motion for summary judgment as it relates to certain claims [DE# 53]. [1] Plaintiff has not filed any timely objections. For the reasons set forth below, the report and recommendation is ADOPTED in its entirety.

The applicable standard of review of a magistrate judge's report and recommendation depends on whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. Fed. R. Civ. P. 72(b) states:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also Baker v. Peterson, 67 Fed. App'x 308, 310 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the de novo standard." (internal citations omitted)).

In the present case, Plaintiff alleges that Defendant Kenneth Thompson, an investigator with the Henderson County Sheriff's Department, deprived him of his civil rights by causing an arrest warrant to be issued without probable cause. Defendant contends that he did, in fact, have probable cause to arrest Plaintiff, and, therefore, he is entitled to qualified immunity. It is well-settled under the doctrine of qualified immunity that

---

[1] In his objections, Defendant does not specifically address the malicious prosecution and state law claims but, instead, acknowledges that "the validity of such claims turns on the question of whether Defendant possessed probable cause" for Plaintiff's arrest. Def's Obj. p. 6 n. 2 [DE# 55]. Therefore, this court will not look at those claims individually.

governmental actors are shielded from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Hope v. Pelzer, 536 U.S. 730, 739 (2002).

The determinative issue in this matter is whether there are disputed facts as to whether Defendant had probable cause to arrest Plaintiff which would preclude summary judgment. If Defendant did, in fact, have probable cause, then he is entitled to qualified immunity.

There is no dispute that Defendant obtained a facially valid arrest warrant. However, the Magistrate Judge determined that Defendant was not entitled to qualified immunity because there are disputed facts as to whether Defendant stated a deliberate falsehood or showed reckless disregard for the truth when obtaining the arrest warrant for Plaintiff and whether the allegedly false or omitted information was material to the finding of probable cause. See Vakilian v. Shaw, 335 F.3d 509, 517 (6th Cir. 2003) (Although investigators are entitled to rely on a judicially-secured arrest warrant as satisfactory evidence of probable cause, an investigator can be held liable under § 1983 if he knowingly or recklessly makes false statements and omissions to the judge such that but for those falsities the judge would not have issued the warrant.)

In determining that the trier of fact could find that Defendant recklessly omitted material facts and that such an omission resulted in the issuance of an arrest warrant that would not have otherwise been issued,[2] the Magistrate Judge looked at, *inter alia*, the

---

[2] The Magistrate Judge found that Plaintiff had not alleged that Defendant made any false statements to secure the warrant. Thus, the issue is whether there are disputed facts on which the trier of fact could find that Defendant intentionally or recklessly omitted material facts that caused the arrest warrant to be issued.

following evidence in the record. In the affidavit to obtain the arrest warrant, Defendant did not mention that three of the witnesses that were interviewed stated that another person, i.e., Holly Jo Graves, had stolen the property at issue and tried to sell it, both Plaintiff and the owner of the stolen property were away from home when the theft occurred, and Plaintiff retrieved the stolen property from Ms. Graves and returned it to its rightful owner. The Magistrate Judge also noted that there are disputed issues of fact as to whether Plaintiff attempted to give a statement to Defendant prior to the issuance of the warrant and on what date Plaintiff discovered that the jewelry was missing.

Although Defendant contends that these facts, even if proved at trial, do not negate probable cause to issue the arrest warrant, the court agrees with the Magistrate Judge that the trier of fact could find that Defendant either intentionally or recklessly omitted these facts and that, if this information had been included in the affidavit, the arrest warrant would not have been issued.

Having carefully reviewed the record, the controlling case law, and Defendant's objections, the court agrees with Magistrate Judge Bryant's decision and ADOPTS the report and recommendation. Accordingly, Defendant's motion for summary judgment [DE# 47] is PARTIALLY GRANTED and PARTIALLY DENIED. The motion is GRANTED on Plaintiff's claim of an unconstitutional strip search and is DENIED on all other claims.
IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE